IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALAN PRESBURY | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff-Pro se* | : | |
| | : | NO. 16-4949 |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                     NOVEMBER 2, 2017

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiff Alan Presbury ("Plaintiff"), an inmate confined at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI Houtzdale"), filed this civil rights action pursuant to 42 U.S.C. §1983, against several individuals in which he alleges that these individuals violated his Fifth, Eighth, and/or Fourteenth Amendment rights by (1) conducting and/or participating in disciplinary hearings that did not comply with various administrative rules and procedures and/or meet due process requirements and/or (2) condoning and/or acquiescing to the unlawful retaliatory conduct or deliberate indifference of Defendant Thomas Dohman ("Defendant Dohman"). [ECF 17]. Plaintiff seeks declaratory and injunctive relief.

Presently before this Court is the motion to dismiss filed by Defendants Michael Wenerowicz, Cynthia Link, Mary Canino, Anthony Kot, and Jay Lane, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), [ECF 25], and a partial motion to dismiss filed by Defendant Dohman pursuant to Federal Rule of Civil Procedure 12(b)(1). [ECF 29]. Plaintiff filed responses in opposition to these motions. [ECF 26 and 30]. The issues raised in the motions to dismiss have been fully briefed and are now ripe for disposition. For the reasons stated herein, Defendants' motions to dismiss are granted.

**BACKGROUND**

As noted, in his amended complaint,[1] Plaintiff alleges that each of the Defendants, employees of the state correctional system, violated his Eighth and Fourteenth Amendment rights by conducting and/or participating in disciplinary misconduct hearings that did not comply with various administrative rules or procedures or meet due process requirements and by condoning and/or acquiescing to the unlawful retaliatory conduct of Defendant Dohman. Defendants move to dismiss the amended complaint and argue that: Plaintiff's §1983 claims against all Defendants in their official capacities are barred by the Eleventh Amendment; Plaintiff's §1983 claims against Defendants Wenerowicz and Link fail to state a claim because Plaintiff has not alleged facts sufficient to show their personal involvement in any constitutional violations; and Plaintiff's §1983 claims against Defendants Kot and Canino fail to state a claim because Plaintiff has not alleged a constitutionally protected liberty interest. [ECF 25 and 29]. Plaintiff has opposed the motions. [ECF 26 and 30].

When ruling on Defendants' motions to dismiss, this Court must accept as true all relevant and pertinent factual allegations in the amended complaint and construe these facts in the light most favorable to Plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Because Plaintiff is proceeding *pro se*, this Court will construe his amended complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Briefly, the salient allegations are as follows:

> At all times relevant to the claims asserted in the amended complaint, Plaintiff was an inmate at SCI Graterford. On September 9, 2014, a disciplinary

---

[1] On September 15, 2016, Plaintiff, proceeding *pro se*, filed an application to proceed in this matter *in forma pauperis*, as well as a complaint in which he asserts civil rights claims under 42 U.S.C. §1983 against Defendants. [ECF 1, 4]. Plaintiff's IFP application was granted on September 21, 2016. [ECF 4]. After having been given leave to do so, Plaintiff filed an amended complaint on February 23, 2017. [ECF 16, 17].

2

hearing was held before Hearing Examiner, Defendant Mary Canino ("Defendant Canino") regarding Misconduct B709220. (Am. Compl. at ¶11). Plaintiff was found guilty of the misconduct charges. (*Id*.). On January 22, 2015, another disciplinary hearing was held via video conference before Hearing Examiner, Defendant Anthony Kot ("Defendant Kot") regarding Misconduct #B639999. (*Id*. at ¶13). Defendant Kot refused to allow Plaintiff to present witnesses to testify on his behalf. (*Id*. at ¶14). Plaintiff was found guilty and sanctioned to sixty days disciplinary confinement in the Restricted Housing Unit ("RHU"). (*Id*. at ¶¶14-15). On January 27, 2015, Plaintiff filed an appeal to the Program Review Committee ("PRC") for Misconduct #B639999. (*Id*. at ¶16). The PRC upheld Defendant Kot's findings on February 3, 2015. (*Id*. at ¶17). On February 5, 2015, Plaintiff filed an appeal to Defendant Michael Wenerowicz ("Defendant Wenerowicz"), who remanded for a rehearing. (*Id*. at ¶¶18-19). On March 5, 2015, a rehearing was held before Defendant Kot, and Plaintiff was found guilty of two of the three charges, *to wit*: guilty of possession of a contraband and presence in an unauthorized area, and not guilty of robbery, and was sanctioned to sixty days disciplinary confinement. (*Id*. at ¶¶21-22). Plaintiff contends that the rehearing was held beyond the seven day working time limit. (*Id*. at ¶22).

Plaintiff filed an appeal to the PRC, which was denied on March 11, 2015. (*Id*. at ¶23). Plaintiff then appealed to Defendant Wenerowicz, who denied the appeal on March 16, 2015. (*Id*. at ¶24). On April 29, 2015, Plaintiff allegedly received information from the Bureau of Commissions, Elections and Legislation that Defendants Canino and Kot were not credentialed to administer oaths or to conduct misconduct hearings. (*Id*. at ¶33).

On March 11, 2015, Plaintiff attended a PRC Hearing, chaired in part by Defendants Dohman and Deputy Superintendent Jay Lane ("Defendant Lane"). (*Id*. at ¶25). Defendant Dohman allegedly conditioned Plaintiff's release from the RHU upon him becoming a confidential informant. (*Id*.). Plaintiff refused. Defendant Dohman informed Plaintiff that he would be placed on administrative custody status pending transfer to another institution unless Plaintiff accepted the offer to become a confidential informant. (*Id*. at ¶27). This interaction was allegedly witnessed by Defendant Lane and Lieutenant Jeffrey Brown. On March 27, 2015, following the expiration of Plaintiff's disciplinary custody sanction, Defendant Dohman placed Plaintiff on administrative custody status. (*Id*. at ¶¶28, 30).

On May 20, 2015, Plaintiff wrote a letter to Defendant Wenerowicz regarding his administrative custody status and pending transfer based on Defendant Dohman's retaliation for Plaintiff's filing of a civil suit against Captain Etta Williams and his refusal to become an informant. (*Id*. at ¶31). On May 22, 2015, Defendant Wenerowicz responded that he had no control over remand hearing results, and that there was no petition to transfer on file even though the PRC recommended transfer. (*Id*. at ¶32). Plaintiff remained on administrative custody status for seven months, and on November 17, 2015, he was transferred

to SCI Houtzdale, a mental/transgender institution outside of his home region. (*Id*. at ¶34).

On November 15, 2015, prior to his transfer, Plaintiff was taken to the Property Room to inventory his personal property and discovered that numerous personal property items were missing. (*Id*. at ¶¶35-36). Plaintiff filed a grievance (#601714) on December 3, 2015, complaining of the missing property, the retaliation for not becoming a confidential informant and the transfer. (*Id*. at ¶37). On December 10, 2015, the grievance was dismissed for not complying with DOC policy DC-ADM 804. (*Id*. at ¶38). On December 21, 2015, Plaintiff filed an appeal to Defendant Link, which Defendant Link dismissed on February 16, 2016, without an investigation. (*Id*. at ¶¶39-40). Plaintiff filed two subsequent appeals which were denied by the Chief Hearing Examiner's Office and by the Secretary of Corrections. (*Id*. at ¶41).

Since being transferred to SCI Houtzdale, Plaintiff claims that he has suffered depression and hardship from being separated from his father and wife as well as not being afforded access to the same college education he received at SCI Graterford. (*Id*. at ¶¶42-44).

**LEGAL STANDARD**

A court may grant a motion to dismiss an action under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id*. (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps," *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *to wit*: a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) identify allegations that are merely legal

conclusions "because they . . . are not entitled to the assumption of truth;" and (3) assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 675, 679). While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Thus, to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64. While this Court must construe the pleadings of a *pro se* party liberally, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

As noted, Defendants have also moved to dismiss Plaintiff's §1983 claims under Rule 12(b)(1) based on their Eleventh Amendment immunity. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). An Eleventh Amendment immunity defense may be raised in a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Id*. Here, Defendants' Rule 12(b)(1) motions constitute a facial challenge, as they raise alleged pleading deficiencies. When assessing a facial challenge, the court is restricted to a review of the allegations of the complaint and any documents referenced therein. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). As is the case with a Rule 12(b)(6) motion, "the trial court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**DISCUSSION**

As stated, Plaintiff purports to assert civil rights claims under §1983 against Defendants premised on their alleged violation of his due process rights. To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. §1983. Section 1983 does not provide substantive rights, but instead "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). Thus, to establish a §1983 violation, Plaintiff must allege facts sufficient to establish that each Defendant acted under color of law and deprived Plaintiff of a right secured by the United States Constitution and/or laws of the United States. *See Robb v. City of Phila*.,

733 F.2d 286, 290-91 (3d Cir. 1984). With these basic legal principles in mind, this Court will address the motions to dismiss and Plaintiff's claims.

*Official Capacity Claims Against All Defendants*

Defendants first argue that any §1983 claims for money damages asserted against them in their official capacities are barred by the Eleventh Amendment. This Court agrees.

The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states and/or their agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. §8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Undisputedly, the doctrine of sovereign immunity extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 151 (3d Cir. 2005) (quoting *Will v. Mich. Depot of State Police*, 491 U.S. 58, 71 (1989)). The Supreme Court in *Will* held that a state and state officers acting in their official capacities are not "persons" against whom a claim for money damages under §1983 can be asserted. *Will*, 491 U.S. at 64. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Walker v. Bears*, 244 F. App'x 439, 440 (3d Cir. 2007). Accordingly, Plaintiff's claims for money damages against Defendants, in their official capacities, are dismissed.[2]

---

[2] In his response, Plaintiff argues that Defendants' motion to dismiss should be denied as barred by either *res judicata* or collateral estoppel because this Court purportedly rejected all of Defendants' current arguments when it entered an Order denying Defendants' previous motion to dismiss. Plaintiff's

### *Personal Liability Claims Against Defendants Wenerowicz and Link*

Defendants Wenerowicz and Link also seek the dismissal of the §1983 claims asserted against them in their individual capacities because Plaintiff has failed to allege facts sufficient to show any personal involvement by them in the alleged wrongful conduct. This Court agrees.

It is well-settled that in order for an individual to be liable under §1983, said individual defendant must have had some personal involvement in the wrongdoing. *See, e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). As such, to assert a viable claim, "a plaintiff must allege facts sufficient to raise a plausible inference that the defendants were personally involved in violating the plaintiff's constitutional rights." *Thomas v. Barkley*, 2013 WL 4786124, at *6 (W.D. Pa. Sept. 6, 2013) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1990-91 (3d Cir. 1995)); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that the defendant "must have personal involvement in the alleged wrongs."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. These allegations "must be made with appropriate particularity." *Id.*; *see also*

---

argument in this regard is misplaced. This Court denied Defendants' previous motion to dismiss, "without prejudice," because the Court simultaneously granted Plaintiff's motion to file an amended complaint, thereby mooting Defendants' pending motion to dismiss. [*See* ECF 12, 13]. This Court's Order specifically provided that the denial was "without prejudice" and that "Defendants may renew their motion to dismiss." [ECF 12]. As such, Plaintiff's argument is without merit.

Plaintiff also argues that Defendants are not entitled to Eleventh Amendment immunity because the "Commonwealth has consented to be sued in federal court pursuant to the third and eighth exceptions of 42 Pa. C. S. Section 8522, to wit: 'care, custody and control of property' and 'National Guard activities.'" [*See* ECF 25, at p. 4]. Plaintiff's claims herein, however, are not claims for the recovery of his personal property in the possession of the Commonwealth or for damages caused by the acts of a member of the Pennsylvania National Guard. Therefore, these exceptions do not apply.

Equally without merit is Plaintiff's contention that the Commonwealth has somehow relinquished its Eleventh Amendment immunity by having accepted federal funding for the operation of "federal confinement facilities" and by ceding "exclusive" jurisdiction over the Pennsylvania Department of Corrections to the "National Government." [ECF 25, at p. 5]. None of the caselaw cited by Plaintiff provides any support for such argument. Moreover, under the well-settled law cited above, Defendants are immune from official capacity claims.

*Evancho*, 423 F.3d at 353 (affirming dismissal of a complaint that did not "contain even a remote suggestion that [the supervisor] had contemporaneous, personal knowledge of [the alleged constitutional violation] and acquiesced in it.").

In a civil rights action, liability also cannot be predicated on the operation of *respondeat superior*. *Rode*, 845 F.2d at 1207. Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through that official's own individual actions, violated the Constitution. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). A supervisor can be held liable for the acts of subordinates only if he knows that the subordinate is violating someone's rights and fails to act to stop the subordinate from doing so. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-94 (3d Cir. 1997), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. *Robinson*, 120 F.3d at 1293-94.

Here, Plaintiff failed to plead any facts that could demonstrate any personal involvement on the part of Defendants Wenerowicz and Link. Though Plaintiff's amended complaint includes assertions that Plaintiff appealed adverse administrative decisions to these individual defendants and the bald allegation that in their roles as Superintendent, they were "legally responsible for the overall operation of SCI Graterford and every employee under [their] jurisdiction," (*see* Am. Compl. ¶¶4-5), it contains no factual averments regarding these Defendants' personal involvement in any constitutional violations. The amended complaint does not allege that Wenerowicz or Link was personally involved with the disciplinary hearings, the alleged retaliation, or the missing property. To the contrary, a review of the amended complaint shows that Plaintiff is attempting to establish liability against these two Defendants solely on the

basis of their respective supervisory capacities [3] within the prison or based upon their involvement in the handling of Plaintiff's administrative grievances and/or appeals. Pursuant to the above discussion, however, either approach is insufficient for the purpose of establishing liability under §1983. In the absence of facts necessary to show personal involvement by Defendants Wenerowicz and Link, Plaintiffs' §1983 claims against these Defendants are unsubstantiated and are, therefore, dismissed.

In addition, prison inmates do not have a constitutional right to a prison grievance system. *See Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 137–138 (1977); *Speight v. Sims*, 2008 WL 2600723, at *1 (3d. Cir. Jun 30, 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Neither the filing of a grievance nor participation in "after-the-fact" grievance review is sufficient to establish personal involvement. *See Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Consequently, any attempt by Plaintiff to establish liability against Defendants Wenerowicz and Link solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for §1983 liability); *Burnside*

---

[3] Defendant Wenerowicz was the Superintendent at SCI Graterford. Defendant Link is the current Superintendent at SCI Graterford.

*v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (holding that prison counselor's failure to process a prisoner's grievances did not amount to a constitutional violation).

### *Due Process Claims Against Defendants Kot and Canino*

Plaintiff asserts §1983 claims against Defendants Kot and Canino premised upon the alleged violation of his Fourteenth Amendment due process rights. Specifically, Plaintiff contends these two individual Defendants deprived him of his due process rights by adjudicating the disciplinary hearings without possessing proper credentials and in violation of various administrative rules and procedures, and by precluding Plaintiff from presenting witnesses at the hearings. (*See* Am. Compl. at ¶¶11, 13-15, 18-19, 21-22). Defendants Kot and Canino move to dismiss these claims on the basis that Plaintiff lacks the prerequisite protected liberty interest to substantiate a due process claim. This Court agrees.

In *Wolf v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that a prisoner facing the deprivation of a constitutionally cognizable liberty interest following an administrative hearing has a due process right to certain procedural protections. *Id*. at 563-71. However, an inmate's due process rights are not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed." *Id*. at 485. Under *Sandin*, the Third Circuit Court of Appeals has determined that prison disciplinary segregation implicates a protectable liberty interest only if it dramatically departs, in length of time or otherwise, from basic prison conditions. For example, the Third Circuit has held that a prisoner's segregation in solitary confinement for fifteen months was not an atypical and

11

significant hardship sufficient to trigger the *Wolf* procedural protections. *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997).

Here, as a result of the complained of disciplinary hearings, Plaintiff was sanctioned to sixty days in the restricted housing unit. Under Third Circuit precedent, this sixty day sanction does not constitute the requisite atypical and significant hardship to implicate a liberty interest to trigger due process protections. *See, e.g.*, *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in *Sandin*."); *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (holding that placement in restricted housing unit for a total of 270 days did not trigger due process protections); *Williams v. Bitner*, 207 F. App'x 609, 611 (3d Cir. 2009) (holding that sanction of ninety days in disciplinary segregation was not an atypical or significant deprivation that would give rise to a liberty interest under *Sandin*). Therefore, Plaintiff's due process claims against Defendants Kot and Canino are without merit, and are dismissed.[4]

**CONCLUSION**

For the reasons stated herein, Defendants' motions to dismiss are granted as follows: all claims asserted against Defendants Wenerowicz, Link, Canino and Kot are dismissed; and all claims asserted against Defendants Lane and Dohman in their official capacities are dismissed.[5] An Order consistent with this Memorandum Opinion is issued.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[4] Plaintiff also references the Fifth Amendment in his claims against Defendants Canino and Kot. However, the protections provided by the Fifth Amendment do not apply directly to state agencies or officials, like Defendants here; rather, those protections apply only by way of the due process clause of the Fourteenth Amendment. *See Chavez v. Martinez*, 538 U.S. 760, 788 (2003). As such, any claims premised on the Fifth Amendment are dismissed.

[5] This matter will, therefore, proceed with the claims asserted against Defendants Lane and Dohman in their individual capacities *only*.