**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALAN PRESBURY** | : | **CIVIL ACTION** |
| *Plaintiff-Pro se* | : | |
| | : | **NO. 16-4949** |
| **v.** | : | |
| | : | |
| **MICHAEL WENEROWICZ,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                              OCTOBER 13, 2021

**MEMORANDUM OPINION**

**INTRODUCTION**

Plaintiff Alan Presbury ("Plaintiff"), an inmate confined at the State Correctional Institution ("SCI") at Houtzdale, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, against former SCI Graterford Major of the Guard Thomas Dohman ("Dohman") and former SCI Graterford Deputy Superintendent Jay Lane ("Lane") (collectively, "Defendants"), employees of the Pennsylvania Department of Corrections at the time of the alleged incidents.[1] Plaintiff alleges that Dohman violated his First and Eighth Amendment rights by transferring him after Plaintiff rebuffed Dohman's request that Plaintiff become a confidential informant, and that Lane violated his Eighth Amendment rights by failing to prevent Dohman from violating his First and Eighth Amendment rights.

Before this Court is Defendants' motion for summary judgment premised on, *inter alia*, Plaintiff's failure to fully and properly administratively exhaust his claims. [ECF 58]. Plaintiff has opposed the motion. [ECF 64]. The issues raised in Defendants' motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendants' motion is granted.

---

[1]     Plaintiff also named other defendants, all of whom were previously dismissed from this action. [*See* ECF 33, 34].

## BACKGROUND

When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant, here Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The relevant facts with respect to Plaintiff's administrative exhaustion are summarized as follows:[2]

At all times relevant to the claims asserted in the amended complaint, Plaintiff was an inmate at SCI Graterford. In 2010, Plaintiff filed a civil lawsuit against Captain Etta Williams, Dohman's alleged "lover."

On January 13, 2015, Plaintiff was sent to J Block, a restricted housing unit used for disciplinary custody, after being found guilty of a misconduct. Inmates who are found guilty of misconducts are sent to disciplinary population. During Plaintiff's program review committee hearing on March 11, 2015, Dohman asked Plaintiff to become a confidential informant. Dohman told Plaintiff that if he became a confidential informant, Plaintiff would be released to general population the next day. Dohman also told Plaintiff that if he refused, he would be transferred to the other side of the state. Plaintiff declined Dohman's invitation to become a confidential informant. Plaintiff was transferred to SCI Houtzdale on November 17, 2015.

Plaintiff filed an administrative grievance on December 3, 2015, in which he complained of the following: (1) his property was not properly inventoried on January 13, 2015; (2) certain property was missing when he was escorted to the property room on November 15, 2015; and (3) Dohman retaliated against Plaintiff for filing a lawsuit against Etta Williams and for refusing to become a confidential informant. The Facility Grievance Coordinator denied Plaintiff's grievance on the basis that it was untimely and lacked required documentation. The Facility Manager upheld the denial on the basis that Plaintiff's grievance lacked required documentation and included two claims that were required to be grieved separately. The Secretary's Office of Inmate Grievance and Appeals affirmed the denial on the basis that the grievance was untimely, lacked required documentation, and included claims based on different events that were required to be grieved separately.

## LEGAL STANDARD

---

[2]     The facts set forth herein are gleaned from the exhibits attached to the parties' respective filings and Plaintiff's response to Defendants' statement of undisputed facts. [*See* ECF 58-1, 64].

Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motion practice. Fed. R. Civ. P. 56.  Specifically, Rule 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 56(a).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party, here Plaintiff.  *Galena*, 638 F.3d at 196.

Under Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.  After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute."  Fed. R. Civ. P 56(c)(1)(A)–(B).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the

pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (citations omitted).

**DISCUSSION**

As note, Plaintiff asserts civil rights claims under § 1983 against Dohman and Lane premised on their alleged violation of his various constitutional rights. Defendants move for summary judgment on the basis that Plaintiff has failed to fully and properly exhaust his administrative remedies.

The Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e, applies to civil rights actions brought by prisoners regarding prison conditions and provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* Exhaustion, therefore, is a threshold issue that district courts must consider before reaching the merits of a prisoner's civil rights claim. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304–05 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) ("Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, as we held in *Small v. Camden County*, it constitutes a 'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'") (citations omitted). Retaliation claims are included among the "prison conditions" for which an inmate must exhaust administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003). Administrative exhaustion, however, is an affirmative defense, meaning

the defendant must plead and prove it. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018) (citing *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002)).

A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that his is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). In addition, a prisoner must properly and fully exhaust: "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). If the inmate's grievance or appeal is dismissed due to procedural defects, such as untimeliness or failure to adhere to requisite administrative procedures, he has not exhausted his administrative remedies for purposes of the PLRA. *Id*. at 94-95; *see also Spruill v. Gillis*, 372 F.3d 218, 230-31 (3d Cir. 2004) (explaining that PLRA includes a procedural default component and requires that an inmate follow the procedural requirements in order to administratively exhaust his claims); *Washingotn v. Wenerowicz*, 2017 WL 4404405, at *9 (E.D. Pa. Oct. 3, 2017) (holding that an inmate failed to properly exhaust his administrative remedies when his final appeal exceeded the two-page maximum and the grievance was not decided on the merits). "If a prisoner does not exhaust available administrative remedies, the claims should be dismissed." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1998).

Here, the administrative remedies that are available to Plaintiff are outlined in the *Inmate Grievance System Procedures Manual* (DC-ADM 804) ("the Manual"),[3] in effect in the Commonwealth of Pennsylvania since February 16, 2016. The Manual sets forth a three-tier administrative review process. An inmate is first required to present his grievance to the Facility

---

[3] The *Inmate Grievance System Procedures Manual* is found in the same document as the *Inmate Grievance System Policy*, which comprises pages one through three of the thirty-five-page document.

Grievance Coordinator for initial review within fifteen (15) days after the events upon which the grievance is based.  Then the inmate is required to appeal an adverse determination to the Facility Manager.  Finally, the inmate must appeal to the Secretary's Office of Inmate Grievance and Appeals.  *See Williamson v. Wexford Health Sources, Inc*., 131 F. App'x 888, 890 (3d Cir. 2005) (describing three-tier administrative grievance process).  In its relevant part, the Manual provides that, "any grievance based on separate events must be presented separately, unless it is necessary to combine the issues to support the claim."  DC-ADM 804 at § 1(A)(14).

Here, it is undisputed that Plaintiff filed a grievance on December 3, 2015, and that he appealed the adverse decision through each of the three requisite levels of administrative review.  Plaintiff's grievance, however, included his complaints about three separate events:  (1) that his properly was not properly inventoried on January 13, 2015; (2) that numerous pieces of his property had been misplaced, lost or stolen as of November 15, 2015; and (3) that he was being transferred to a different prison in retaliation for his "non-cooperation with Major Thomas Dohman's offer to become a confidential informant" and for filing a civil lawsuit against Captain Williams five years earlier.  The Facility Grievance Coordinator denied Plaintiff's grievance on the basis that it was untimely and lacked required documentation.  The Facility Manager upheld the denial on the basis that Plaintiff's grievance lacked required documentation and included two claims that were required to be grieved separately.  The Secretary's Office affirmed the denial on the basis that the grievance was untimely, lacked required documentation, and included claims based on different events that were required to be grieved separately.

It is clear from this undisputed procedural history that the merits of Plaintiff's underlying grievance were never adjudicated due to various procedural deficiencies.  As such, Plaintiff has not fully and properly exhausted his administrative remedies.   Accordingly, there is no genuine

6

dispute of material fact with respect to exhaustion, and Defendants are entitled to judgment as a matter of law on all claims.[4]

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to fully and properly exhaust his administrative remedies.  Accordingly, Defendants' motion for summary judgment is granted as to all remaining claims.  An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[4]     Notwithstanding the dismissal of all of Plaintiff's claims on account of his failure to fully and properly exhaust his administrative remedies, this Court also finds that Plaintiff has failed to meet his summary judgment burden with respect to the merits of his § 1983 claims. As noted, Plaintiff asserts claims for violation of his First and Eighth Amendment rights premised on his refusal to become a confidential informant and his purported transfer to another facility in retaliation for that refusal and Plaintiff's filing of a lawsuit in 2010.  As argued by Defendants, the mere request that a prisoner become an informant cannot constitute a violation of a prisoner's Eight Amendment rights  *See, e.g., Walker v. Campbell*, 2010 WL 2891488, at *7 (W.D. Pa. May 4, 2010), report and recommendation adopted, 2010 WL 2884701 (W.D. Pa. July 20, 2010) ("While this Court agrees that a prison guard's labeling an inmate as a snitch in order to cause him harm by other inmates can state an Eighth Amendment excessive force claim, it can not be said that the mere asking for an inmate's help in an internal investigation constitutes deliberate indifference such as to rise to the level of an Eighth Amendment violation.").  With respect to the retaliation claims, Plaintiff has failed to present any evidence to show that either of the remaining Defendants had the requisite personal involvement in Plaintiff's transfer to maintain a viable § 1983 claim. *See Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir. 2009) (affirming grant of summary judgment and dismissing retaliation claim where prisoner failed to present evidence of personal involvement by the defendants).  In addition, Plaintiff has not offered any evidence to rebut Defendants' evidence that Plaintiff was transferred for his own safety. *Id.* (affirming grant of summary judgment and dismissing retaliation claim where defendants presented evidence of a legitimate penological reason for the transfer).